[No. 6671–1.  Division One.  June 25, 1979.]

THE CITY OF SEATTLE, *Respondent,* v. LYDIA
LOPEZ SHAVER, *Appellant.*

*Douglas N. Jewett, City Attorney,* and *Donna Hubbard, Assistant,* for respondent.

*Lydia L. Shaver,* pro se.

DORE, J.—The defendant, Lydia Lopez Shaver, appeals from a conviction in Superior Court for failure to yield the right–of–way, claiming her constitutional rights at trial were violated by the court's refusal to permit her husband, a layman, to represent her in these criminal proceedings.

## ISSUE

Does the sixth amendment to the United States Constitution grant a defendant the right to lay representation as "counsel"?

## FACTS

The defendant was charged for violation of Seattle Traffic Code 21.22.080(1), failure to yield right–of–way on making left turn into intersection, on September 9, 1977. The defendant was found guilty in municipal court; she appealed her conviction to the Superior Court.

On May 9, 1978, defendant was tried in Superior Court. She waived a jury and signed a pro se form electing to represent herself. During the course of trial the defendant's husband was allowed, over respondent's objection, to sit beside his wife at counsel table and confer with her. Defendant's husband was not allowed to question or examine either the defendant or the prosecution witnesses, nor was he allowed to address the court during trial. Defendant was found guilty by the trial judge and she now appeals to this court, claiming her constitutional rights under the Sixth Amendment were violated and the court should, in any event, have permitted her husband to assist her in her defense.

## DECISION

We affirm the trial judge.

■ The sixth amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." This guaranty is made obligatory upon all states because as a provision of the Bill of Rights it is fundamental and essential to a fair trial. *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963). The Washington State Constitution also provides a similar guaranty.

In *Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975), the United States Supreme Court recognized two independent Sixth Amendment rights—the

right to assistance of counsel and the right to self–representation.

However, the Supreme Court has yet to acknowledge a "comparable Sixth Amendment source of a right to delegate the power of self–representation to lay persons who do not qualify to render the assistance of counsel." *United States v. Wilhelm,* 570 F.2d 461, 466 (3d Cir. 1978). In *United States v. Wilhelm, supra,* the court explicitly stated at page 465:

> Defendants ask us to construe the Sixth Amendment's reference to "Counsel" as embracing any person of their choice, be he unskilled in the law or barred by the rules of court from practice before it. To so hold would profoundly alter the legal framework in which criminal proceedings are scrupulously conducted in our courts. We decline to do so.

While declining to do so, the court also stated at page 465:

> Thus we join with the impressive array of United States Courts of Appeals that have uniformly rejected the contention that criminal defendants have a constitutional right to be represented by a friend who is neither a law school graduate nor a member of the bar. [Cases cited.]

Defendant relies heavily on *United States v. Tarlowski,* 305 F. Supp. 112 (E.D.N.Y. 1969), which she contends recognized an accountant as "counsel." However, *United States v. Tarlowski, supra* is clearly distinguishable. In that case the defendant was denied the presence and assistance of his accountant—during an investigative interview with IRS agents. Defendant was neither in custody nor at trial.

In *Turner v. American Bar Ass'n,* 407 F. Supp. 451 (N.D. Tex. 1975), actions were filed in United States District Courts in seven states by plaintiffs claiming a constitutional right to assistance of lay persons in court proceedings. Judge Reynaldo Garza, appointed by Chief Justice Burger, reviewed the historical development of "counsel" from English common law through colonial American history. He concluded his analysis by stating at page 474:

> This Court cannot find even a *suggestion* in the history of the Common Law after its primeval inception or in the history of the American lawyer that the word "counsel", as used in the Sixth Amendment, was meant to include a layman off the street without qualification as to either training or character.

(Italics ours.)

We agree with Judge Garza and hold that the sixth amendment to the United States Constitution does not grant an accused the right to lay representation in the trial of one's case.

██ Defendant next argues that she has the right to have her husband represent her, for in a community property state husband and wife are merged in a partnership and/or joint venture arrangement, and consequently he should have the right to speak for her.

It is the law of the State of Washington that the judicial branch of the government is exclusively vested with the authority to determine who may appear as legal counsel in its courts. *In re Lambuth,* 18 Wash. 478, 51 P. 1071 (1898). The Supreme Court, as head of the state judicial branch, has inherent power to make ultimate determinations in this regard. *Everson v. Assink,* 15 Wn. App. 842, 552 P.2d 205 (1976).

Pursuant to RCW 2.48.170, and the Admission to Practice Rules promulgated by the Washington Supreme Court, the following requirement has been established:

> No person shall appear as attorney or counsel in any of the courts of this state unless he is an active member of the state bar . . .

APR 7(a)(1). A subsequent section also provides sanctions for the unlawful practice of law:

> Any person who, not being an active member of the state bar, . . . shall practice law, or hold himself out as entitled to practice law, shall be guilty of a misdemeanor:

RCW 2.48.180.

The record shows that defendant signed the pro se form in which she knowingly waived her right to assistance of

counsel, and from that point on she exercised her Sixth Amendment right to self–representation. The defendant's husband is not a member of the Washington State Bar nor any other state bar. Absent these qualifications, he is not qualified to represent the defendant, nor does she have any constitutional right to such representation.

Affirmed.

SWANSON, A.C.J., and FARRIS, J., concur.

Reconsideration denied August 2, 1979.

Review denied by Supreme Court October 26, 1979.