Dina Lee **ROBINS** a/k/a
**Groesbeck, Appellant,**

v.

**MUNICIPALITY OF
ANCHORAGE, Appellee.**

No. A–617.

Court of Appeals of Alaska.

Dec. 27, 1985.

Phyllis Shephard and Linda R. MacLean, Drathman, Weidner & Mysing, Anchorage, for appellant.

Scott Jay Sidell, Asst. Municipal Prosecutor, Allen M. Bailey, Municipal Prosecutor,

---

and Jerry Wertzbaugher, Municipal Attorney, for appellee.

Robert D. Bacon, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for State of Alaska, amicus curiae.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, amicus curiae.

Before BRYNER, C.J., SINGLETON and RIPLEY, JJ.*

## OPINION

BRYNER, Chief Judge.

Dina Lee Groesbeck[1] was convicted of driving while intoxicated (DWI), AMC § 9.28.020(A). She appeals her conviction on the grounds that the court erred in refusing to suppress the fruits of her arrest. We affirm.

Just before 11:00 p.m. on April 19, 1984, Officer Daniel Long of the Anchorage Police Department noticed a car with very dim taillights and its license almost completely obscured by dirt or mud traveling on the Glenn Highway. He also noticed that the car was weaving from the fog line on its right to the lane divider on its left. He stopped the car on the suspicion that the driver was intoxicated. Upon approaching the vehicle, Long smelled the odor of alcohol. Long asked for the vehicle registration, and as it was being retrieved, Long observed that the two passengers in the car appeared to be intoxicated. Long asked the driver to get out and accompany him back to the patrol vehicle. Inside the patrol vehicle, Long asked the driver, Groesbeck, for identification. She produced a Virginia operator's license in the name of Dina Lee Robins. Either on the walk back or in the patrol vehicle, Long observed that Groesbeck's face was flushed, that her eyes were bloodshot, and that the odor of an alcoholic beverage was on her breath. Long decided to give Groesbeck a battery of field sobriety tests, including verbal tests administered in the car. The first of these tests was repeating the alphabet, beginning with the first letter of one's last name. Because Groesbeck began with the first letter of her married name, Long thought that she had made a mistake, and attributed it to the effects of alcohol. Groesbeck later repeated the alphabet from A to Z without a mistake, although she did make mistakes in counting backward from fifty by increments of five.

Long next requested Groesbeck to perform certain coordination and balance tests outside the vehicle. Groesbeck wanted to do them on the embankment, but Long instructed her to do them on the roadway, because the embankment was on too steep an incline. Long demonstrated each test. Groesbeck's performance on these tests was generally poor, according to Long. At their conclusion, Long told Groesbeck he was going to administer a breath test by means of a portable machine, the Alcosensor. The Alcosensor reading was .131%. Long subsequently arrested Groesbeck and brought her to the station, where a breath test on the Intoximeter 3000 yielded a result of .145.

After being charged, Groesbeck moved to suppress "all evidence obtained, directly and derivatively from preliminary breath tests conducted prior to" her arrest. At a hearing on the motion, Officer Long testified as indicated above. He also stated he would have arrested Groesbeck for DWI even if he had not done a test on the portable breath testing machine. When asked if he would still have made the arrest if the result from the portable machine was .05, Long replied that he would have to inquire further.

Groesbeck argued that the use of the portable breath testing device constituted an illegal search, that the use of the machine was not lawful even under the terms

---

* Ripley, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. Groesbeck was charged under her maiden name, Dina Lee Robins. Throughout this opinion, we will refer to her by her married name.

of the municipal ordinance authorizing its use, and that the ordinance itself is unconstitutional because it conditions the right to drive upon consent to an otherwise unlawful search.[2]

District Court Judge Elaine Andrews denied the motion to suppress. She found that there was probable cause for arrest even before the portable breath test was administered, that the test was used essentially to corroborate conclusions already formed, and that Groesbeck was not told that she had to take the portable breath test. Judge Andrews stated that while she had substantial doubt about the constitutionality of the ordinance authorizing use of the test, in the case before her there was nothing to suppress. She apparently reasoned that because Groesbeck would have been lawfully arrested even had the test not been given, the arrest was not tainted, and that because the municipality was not seeking to introduce the preliminary test results at trial, no harm flowed from the test. She concluded, finally, that the requirements of the ordinance had been met. Groesbeck was convicted by jury trial; no reference was made to the preliminary test at trial.

After this appeal was filed, we invited *amicus curiae* briefing on the issue of whether the ordinance, and, by extension, a nearly identical state provision, AS 28.35.-031(b)–(f), is unconstitutional. We find that we need not decide the constitutional issue, because Judge Andrews correctly concluded that there was probable cause

for arrest prior to administration of the portable breath test.

Officer Long's observations of Groesbeck's driving, when combined with her generally poor performance on the field sobriety tests, the fact that her passengers were apparently intoxicated, and the fact that she herself appeared intoxicated, were enough to support Judge Andrews' finding that there was probable cause to arrest before the preliminary test was ever administered. Officer Long's testimony also supports Judge Andrews' finding that the arrest would have been made even had the test not been administered. Accordingly, Judge Andrews was correct in concluding that the arrest itself was untainted, regardless of the constitutionality of the ordinance authorizing use of the preliminary breath test. Because Groesbeck has pointed to no other "fruit" of the allegedly illegal procedure which should have been suppressed, we AFFIRM the conviction.

COATS, J., not participating.

---

**2.** Anchorage Municipal Ordinance 9.28.021 provides, in pertinent part:

B.   A person who drives, operates or is in actual physical control of a motor vehicle in Anchorage shall be considered to have given consent to a preliminary breath test for the purpose of determining the alcohol content of the person's blood or breath. A law enforcement officer may administer a preliminary breath test at the scene of the incident if the officer has reasonable grounds to believe that a person's ability to operate a motor vehicle is impaired by the ingestion of alcoholic beverages and that the person
1.   was driving a motor vehicle that is involved in an accident; or
2.   committed a moving traffic violation.
C.   Before administering a preliminary breath test under B of this section, the officer shall advise the person that refusal may be used against the person in a civil or criminal action arising out of the incident and that refusal is an infraction. If the person refuses to submit to the test, the test shall not be administered.
D.   The result of the test under B of this section may be used by the law enforcement officer to determine whether the driver should be arrested.
E.   Refusal to submit to a preliminary breath test at the request of a law enforcement officer is an infraction.