John Harold WILSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–84–77.

Court of Criminal Appeals of Oklahoma.

May 13, 1987.

John Harold Wilson, pro se.

Robert H. Henry, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

John Harold Wilson, the appellant, was tried by jury and convicted of Unlawful Possession of Marijuana in violation of 63 O.S. 1981, § 2–402, in Case No. CRM–83–182, in Jackson County District Court before the Honorable Paul Braun. The jury set punishment at nine (9) months imprisonment, and the trial court sentenced the appellant in accordance with the jury's ver-

dict. Appellant has perfected this *pro se* appeal.

On July 17, 1983, the appellant was detained on a routine traffic stop after the City Marshall of Eldorado observed him cross the center line. Appellant was subsequently arrested, after refusing to turn over his driver's license, for failure to obey a lawful order. After the appellant's vehicle was impounded, an inventory search revealed a green leafy substance under a car seat. A State chemist conducted a chemical analysis and determined that the substance was marijuana.

In his first assignment of error, appellant claims that he was denied his Sixth Amendment right to counsel because the trial court refused his request to be represented by a lay person who was not a licensed attorney. The record shows that the trial judge allowed the lay person to sit at the table with the appellant for purposes of consultation, but the lay person was restricted from actively participating in the trial. Recently, this Court has held that a criminal defendant's right to counsel of his own choosing under Article II, section 20, of the Oklahoma Constitution is not violated by requiring that counsel be licensed to practice law in Oklahoma. *Simmons v. State,* 725 P.2d 309, 311 (Okl.Cr.1986).

An examination of the relevant authorities has persuaded us that the Sixth Amendment does not require a contrary result. Therefore, we join with the impressive array of jurisdictions which have uniformly held that the Sixth Amendment to the United States Constitution does not confer upon criminal defendants a right to the assistance of a lay person who is not licensed to practice law in the jurisdiction where the accused stands charged.[1] Moreover, the record clearly shows that the

1. *See, e.g., United States v. Tedder,* 787 F.2d 540, 543 (10th Cir.1986); *Solina v. United States,* 709 F.2d 160, 166 (2d Cir.1983); *United States v. Wilhelm,* 570 F.2d 461, 465 (3d Cir.1978); *United States v. Pilla,* 550 F.2d 1085, 1093 (8th Cir.), *cert. denied,* 434 U.S. 882, 98 S.Ct. 247, 54 L.Ed.2d 166 (1977); *United States v. Whitesel,* 543 F.2d 1176, 1177–80 (6th Cir.1976), *cert. denied,* 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977); *United States v. Kelley,* 539 F.2d 1199, 1201–03 (9th Cir.), *cert. denied,* 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976); *United States v. Jordan,* 508 F.2d 750, 753 (7th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975); *United States v. Cooper,* 493 F.2d 473, 474 (5th Cir.), *cert. denied,* 419 U.S. 859, 95 S.Ct. 108, 42 L.Ed.2d 93 (1974). *See also Skuse v. State,* 714 P.2d 368, 369–70 (Alaska Ct.App. 1986); *State v. Rocha,* 48 Or.App. 1017, 618 P.2d 475, 479 (1980); *State v. Peterson,* 266 N.W.2d 103 (S.D.1978); *Seattle v. Shaver,* 23 Wash.App. 601, 597 P.2d 935 (1979).

appellant rejected the offers by the trial court to appoint a licensed attorney to represent him, but instead voluntarily chose to proceed *pro se*. Accordingly, this assignment of error is without merit.

■ Appellant next claims that the trial court refused to allow him access to compulsory process for obtaining witnesses in his favor under 22 O.S. 1981, § 707. The record establishes, however, that if the appellant was indeed denied subpoenas, it was solely because he failed to provide the court clerk with the names of any witnesses. Appellant was given at least two specific opportunities to obtain subpoenas to compel the attendance of witnesses to testify on his behalf. This assignment is meritless.

We summarily reject appellant's third, fourth, fifth, eighth, ninth and tenth assignments of error as they are not supported by any citations of authority, and we have found no fundamental error. *See Wolfenbarger v. State*, 710 P.2d 114, 116 (Okl.Cr.1985).

■ In his sixth assignment of error, appellant contends that the trial court committed reversible error in failing to declare a mistrial sua sponte when the prosecutor asked during voir dire, "[y]ou understand that the defendant is not required to testify in his own behalf, do you not?". Although such a remark is clearly improper, *see Young v. City of Tulsa*, 563 P.2d 156, 159 (Okla.Cr.1977), the failure to make a timely objection and move for a mistrial is fatal since the alleged error is not preserved for review on appeal. *See Geary v. State*, 709 P.2d 690, 693 (Okl.Cr.1985). In addition, on this record, were are unable to conclude that the comment deprived the appellant of a substantial right, especially since the trial court instructed the jury that the failure of the appellant to testify could not be used as an adverse inference against him. *See* 20 O.S. 1981, § 3001.1. This assignment is meritless.

Appellant next claims that the trial court erred in failing to take judicial notice of the United States Constitution as required by 12 O.S. 1981, § 2201(A). We reject appel-

lant's contention, because it is wholly without foundational support in the record.

In his eleventh assignment of error, appellant asserts that the trial court failed to properly instruct the jury. However, because the instructions adequately covered the subject matter of inquiry, and the appellant neither objected to the instructions given nor submitted requested written instructions on the failures complained of, this assignment is wholly without merit. *See Geary, supra*, at 693.

■ Appellant contends in his twelfth assignment of error that the trial court erred by failing to admonish the jury at each and every adjournment as required by 22 O.S. 1981, § 854. This assignment is without merit as the appellant failed to object, and nothing in the record even suggests that the jury acted improperly. *See Byrd v. State*, 657 P.2d 183, 185 (Okl.Cr. 1983); *Dunford v. State*, 561 P.2d 579, 581 (Okl.Cr.1977).

■ In his last assignment of error, appellant asserts that the evidence presented by the State was insufficient to establish his knowledge, control, or intent to possess marijuana. Due process requires a reviewing court to examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202, 203–04 (Okl.Cr.1985).

■ Unlawful possession of contraband may be actual or constructive. *Rudd v. State*, 649 P.2d 791, 794 (Okl.Cr.1982). Constructive possession may be found when marijuana is located in a place in which the defendant has exclusive control or access. *Miller v. State*, 579 P.2d 200, 202 (Okl.Cr.1978). The fact that the appellant was the lone occupant of the vehicle at the time it was stopped, and the testimony that the appellant was the sole owner of the car and thus appeared to be in exclusive control of the vehicle, constitutes circumstantial evidence of his knowledge, dominion and control over the marijuana. *See McGowen v. State*, 661 P.2d 66, 67

(Okl.Cr.1983). This assignment of error is without merit.

Accordingly, for the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.