952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald H. SKUSE, Petitioner-Appellant,
v.
Grace SCHAIBLE, Respondent-Appellee.
 No. 91-35067.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 23, 1991.
Decided Dec. 17, 1991.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Skuse appeals the dismissal of his habeas corpus petition. The district court determined that Skuse had not exhausted his state court remedies because his original claim that he was unlawfully arrested should have been framed as a motion to suppress evidence and such a motion was never filed. Alternatively, the court held that Skuse's substantive claims were without merit. We review the denial of a petition for habeas relief de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989) (per curiam). Although we disagree with the district court's conclusion on the first point, we affirm its dismissal of the petition on the merits.
 
 
 3
 The Alaska Court of Appeals determined that the trial court should have construed Skuse's motion to dismiss as a motion to suppress evidence. Skuse v. State, 714 P.2d 368, 373 (Alaska Ct.App.1986). The state appellate court then proceeded to discuss the merits of Skuse's claim, deciding that there was probable cause to arrest as a matter of law. Id. The Alaska Supreme Court denied review. We cannot say that Skuse did not present the merits of his case to the highest court of the state. See Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir.1984) ("The exhaustion requirement as to a particular claim is satisfied once the claim has been fairly presented to the highest court of the state."). The state's claim that Skuse has not exhausted his state remedies because he did not appeal the denial of his petition for post-conviction relief is without merit for the same reason. See Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985) (exhaustion requirement satisfied even when state supreme court did not rule on merits of claim and petitioner could still bring state post-conviction relief proceeding) Cert. denied, 470 U.S. 1021 (1986). Cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905 (9th Cir.1986) (habeas petition dismissed when petitioner had not filed direct appeal of conviction or appeal of denial of post-conviction relief). Thus, Skuse's habeas petition should not have been dismissed for failure to exhaust state court remedies.
 
 
 4
 The state, citing Wong Doo v. United States, 265 U.S. 239 (1924), also argues that Skuse's petition should be dismissed because he has abused the writ. This argument is inapposite. In Wong Doo, the Supreme Court held that it was an abuse of the writ to bring a claim on a second petition that had been set up in a previous petition, when the petitioner had had a full opportunity to litigate the issue at a hearing on the prior filing. Id. at 241. Here, Skuse's previous petition was dismissed without prejudice when he abandoned it to pursue state post-conviction relief. There was no hearing on the merits of his case. Therefore, his claims have not been addressed in a previous petition in federal court, and we cannot conclude that Skuse has abused the writ.
 
 
 5
 Though the district court determined that Skuse had not exhausted his state remedies, its discussion reached the merits of his case. The court was convinced from the original trial record, as was the Alaska Court of Appeals, that there was probable cause for Skuse's arrest. The very evidence Skuse presented to show that he was not intoxicated--that his truck had a faulty steering mechanism which caused him to weave all over the road--is in itself sufficient to support probable cause for a drunk driving arrest. Skuse's demeanor and attitude when addressing the arresting officer also support this conclusion.
 
 
 6
 A review of the trial record also indicates that the district court was correct in stating that Skuse did in fact present evidence regarding the lawfulness of his arrest. Thus, his petition was properly dismissed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3