610 So.2d 1326 (1992)
Bruce Walter BAUER, Petitioner,
v.
STATE of Florida, Respondent.
No. 92-03745.
District Court of Appeal of Florida, Second District.
December 23, 1992.
*1327 Bruce Walter Bauer, pro se.
PER CURIAM.
Bruce Bauer petitions this court for a writ of certiorari. Bauer wishes to be represented by Charles A. Eidson on pending criminal charges. Because Mr. Eidson is not a member of the Florida Bar or an attorney licensed in another jurisdiction,[1] the circuit court has entered an order denying Bauer's "demand for counsel of choice" and prohibiting Eidson from signing pleadings or appearing in "a representative capacity." We have jurisdiction. Art. V, § 4(b)(3), Fla. Const. And see, e.g., Freeman v. State, 503 So.2d 997 (Fla. 3d DCA 1987) (certiorari used to review order affecting a party's choice of counsel).
In Florida the unauthorized practice of law is forbidden by statute. § 454.23, Fla. Stat. (1991). With limited exceptions not applicable here, only "persons in good standing as members of the Florida Bar shall be permitted to practice in Florida." Fla.R.Jud.Admin. 2.060(a). Bauer contends these and similar provisions violate rights guaranteed to him under the United States Constitution. A review of case law interpreting the extent of the constitutional right to counsel, such as that conducted by the trial court in its thoroughly researched and detailed order, indicates that Bauer is mistaken in believing that a criminal defendant has a right to the assistance of lay "counsel."
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court recognized the existence of at least a limited right to represent oneself in a criminal proceeding. However, "[i]n holding [in Faretta] that the accused can defend himself, the Supreme Court did not expressly or by implication say that he had the right to designate a lay person to represent him." United States v. Brown, 600 F.2d 248, 257 (10th Cir.), cert. denied, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979).
There is no constitutional guarantee that non-attorneys may represent other people in litigation. There is a narrow exception to this conclusion: a jail-house lawyer may help fellow prisoners file initial papers in habeas corpus actions when the state has failed to provide alternative aid to such prisoners in seeking post-conviction relief... . An ordered society has a valid interest in limiting legal representation to licensed attorneys.
Guajardo v. Luna, 432 F.2d 1324, 1325 (5th Cir.1970).
One of many good reasons for distinguishing assistance and advice from representation is that a party may be bound, or its rights waived, by its legal representative. When that representative is a licensed attorney there are grounds for belief that the representative's character, knowledge, and training are equal to the responsibility. In addition, remedies and sanctions are available against the lawyer that are not available against the fellow inmate, including misconduct sanctions and malpractice suits.
Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir.1982) (discussing inmate paralegals). Instead, the courts of this nation almost universally have held that the Sixth Amendment guarantee of counsel "means representation by an attorney admitted to practice law." United States v. Hoffman, 733 F.2d 596, 599 (9th Cir.), cert. denied, 469 U.S. 1039, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984).[2]
*1328 Perhaps the most extensive exploration of this issue is that undertaken by Judge Reynaldo Garza in Turner et al. v. American Bar Association, 407 F. Supp. 451 (N.D.Tex. et al. 1975), affirmed sub nom. Pilla v. American Bar Association, 542 F.2d 56 (8th Cir.1976). This was a series of similar lawsuits filed by members of the American Constitutional Protective Rights Association "against, among others, virtually the entire federal judiciary." 407 F. Supp. at 456. The court's analysis began by placing the term "counsel" in historical context.
Notwithstanding the apparent ease with which one could enter the practice of law in some States, one did not do so except by permission of some governing body, and laymen did not practice law... . For centuries prior to the enactment of the Sixth Amendment, the English forerunner of the American lawyer was called or invited to practice for a Court only after the Court had satisfied itself that a person was fit to practice by virtue of his character and/or training. On the American side of the ocean, this practice continued throughout the colonial, revolutionary, and post-revolutionary era of our history... . This Court cannot find even a suggestion in the history of the Common Law after its primeval inception or in the history of the American lawyer that the word "counsel," as used in the Sixth Amendment, was meant to include a layman off the street without qualification as to either training or character.
407 F. Supp. at 474.[3]
There are rare instances in which a court has permitted representation by non-lawyers. For example, in United States v. Stockheimer, 385 F. Supp. 979 (W.D.Wis. 1974), aff'd, 534 F.2d 331 (7th Cir.), cert. denied, 429 U.S. 966, 97 S.Ct. 397, 50 L.Ed.2d 335 (1976), a criminal defendant demanded the assistance of two disbarred Minnesota attorneys. Judge Garza summarized the Stockheimer holding as follows:
In a very clearly written opinion, Judge Doyle held that in the absence of any constitutional or federal statutory provision compelling him to either forbid or not to forbid the Defendant such assistance, he would exercise his discretion in the matter and allow Stockheimer the assistance of Gordon Peterson in his criminal trial. Judge Doyle was careful to note that he was not recognizing a right of the Defendant Stockheimer, but was merely, within his discretion, granting the Defendant Stockheimer a request which Judge Doyle did not find was forbidden or prohibited by the Constitution or by Federal statutes.
407 F. Supp. at 477 (emphasis ours). See also United States v. Whitesel, 543 F.2d 1176 (6th Cir.), cert. denied, 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977).
The present case is distinguishable from Stockheimer in that Florida, with section 454.23, has imposed a clear statutory impediment to non-lawyers' attempts to practice law. That the legislature may enact such provisions to protect the public is beyond dispute. Moreover, even if we were to find the existence of some judicial discretion to allow or disallow occasional appearances by lay "counsel," we would find no abuse of that discretion in the present case. Neither the petitioner nor his chosen representative appear to have the level of legal training and experience evidenced in Stockheimer. Their pleadings are replete with references to "treason" on *1329 the part of the trial court, quotes from "Talmudic law," accusations of racketeering violations, and demands that the trial judge submit to "mental exams."
While Bauer and Eidson have every right to express displeasure over our legal system in an appropriate forum, the trial court also has the obligation to uphold "the public interest in an orderly and efficient criminal justice system." State v. Paterson, 266 N.W.2d 103, 108 (S.D. 1978). Just as important, the court is entrusted to protect every defendant's right to receive competent representation, even in those occasional cases where the defendant makes the task rather difficult. Earlier we described Faretta v. California as establishing a "limited right." Even though a pro se defendant may not be held to the same rigorous standards as a trained attorney, a court need not honor every demand for self-representation.
[T]he trial court should determine whether unusual circumstances exist which would cause the accused to be deprived of a fair trial if permitted to conduct his own defense... . [T]he purpose of such inquiries, such as the accused's age, mental derangement, lack of knowledge, education, or inexperience in criminal proceedings, is to make certain that defendant is aware of the disadvantage under which he is placing himself by waiving counsel.
Keene v. State, 420 So.2d 908, 910 (Fla. 1st DCA 1982), rev. denied, 430 So.2d 452 (Fla. 1983).
If a court enjoys some discretion to limit the right conferred by Faretta, it naturally follows that the court may restrict the responsibility of "representation" to licensed attorneys, even where it may appear the defendant sincerely believes he wants the services of someone else.
The petition for writ of certiorari is denied.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.
NOTES
[1] Eidson, who describes himself as a "Constitutional Counselor per Amendment Six," does not purport to be an attorney. It is unclear whether he receives or expects compensation for services rendered to the petitioner.
[2] In addition to most of the federal courts that have passed upon this question, the states appear unanimous or nearly so that "counsel" means attorney and no right to lay counsel exists. A partial listing of cases would include: Skuse v. State, 714 P.2d 368 (Alaska App. 1986); State v. Wheeler, 37 Conn. Supp. 693, 435 A.2d 372 (1981); State v. Brake, 110 Idaho 300, 715 P.2d 970 (1986); Kimble v. State, 451 N.E.2d 302 (Ind. 1983); State ex rel. Stephan v. O'Keefe, 235 Kan. 1022, 686 P.2d 171 (1984); State v. Goodno, 511 A.2d 456 (Me. 1986); People v. Brewer, 88 Mich. App. 756, 279 N.W.2d 307 (1979); Higgins v. Parker, 354 Mo. 888, 191 S.W.2d 668 (1945), cert. denied, 327 U.S. 801, 66 S.Ct. 902, 90 L.Ed. 1026 (1946); People v. Felder, 47 N.Y.2d 287, 418 N.Y.S.2d 295, 391 N.E.2d 1274 (1979); State v. Benson, 376 N.W.2d 36 (N.D. 1985); State v. Hamilton, 732 P.2d 505 (Utah 1986); City of Seattle v. Shaver, 597 P.2d 935 (Wash. App. 1979).
[3] Bauer's petition is not grounded solely in the Sixth Amendment guarantee of the right to counsel, but also invokes the First (right of free speech, free association, and to petition for redress of grievances), Ninth, Tenth, and Fourteenth (right to equal protection of the laws) Amendments, as well as federal civil rights laws. Some of these arguments were made and rejected in Turner; all are without merit and none apart from the Sixth Amendment claim warrant extended comment.