PER CURIAM.
Walter Novak seeks certiorari review of a circuit court order which stays post-judgment proceedings until resolution of an unrelated action now pending in federal district court. We grant the petition.
In 1985 Novak obtained a judgment against respondent Howard Blum in excess of $60,000. In the seven years following he has engaged in efforts, thus far fruitless, to execute on that judgment. In 1992 Blum obtained the services of “Constitutional Counsels, Inc.” This is a group of individuals who, without pretense of being licensed attorneys, seek to appear on behalf of willing clients. Blum and his non-lawyer representatives filed numerous motions and Novak countered with a motion to strike sham pleadings and for other sanctions. Instead, the circuit court entered an order abating the present action until the resolution of a pending federal suit, Ippolito v. State of Florida. Among the issues involved in that case, which was brought by one or more of the “constitutional counsels,” is whether the Florida Bar “is unconstitutional and should be abolished.”
Abatement is not appropriate in this case because there is no commonality of parties or issues. See, e.g., Lightsey v. Williams, 526 So.2d 764 (Fla. 5th DCA1988); Koehlke Components, Inc. v. South East Connectors, Inc., 456 So.2d 554 (Fla. 3d DCA1984). The only common denominator between the state and federal actions is the collateral question whether lay persons may practice law, which is not determinative of any issue going to the merits of this case.
After remand it will be necessary for the circuit court to revisit Blum’s apparent desire for non-lawyer representation. Although disqualification of his “constitutional counsels” is not among the sanctions specifically requested by Novak, the record indicates reluctance on the part of Novak’s attorney to communicate with Blum through them, and Blum’s lay representative upbraided Novak’s attorney for scheduling hearings without notice to her. At least one published decision suggests it is within a trial court’s discretion to allow representation by non-attorneys. United States v. Stockheimer, 385 F.Supp. 979 (W.D.Wisc.1974), aff'd, 534 F.2d 331 (7th Cir.), cert. denied, 429 U.S. 966, 97 S.Ct. 397, 50 L.Ed.2d 335 (1976). Notably, Stockheimer involved a defendant’s Sixth Amendment right to counsel in a criminal prosecution, and the “counsel” were disbarred attorneys. However, in Bauer v. State, 610 So.2d 1326 (Fla. 2d DCA1992), we upheld the decision of a trial judge to disallow lay representation in a criminal *37 case, based upon the statutory proscription against the unauthorized practice of law, section 454.23, Florida Statutes (1991). The statute makes no distinction between criminal and civil proceedings.
The petition for writ of certiorari is granted, the order of abatement is quashed, and this case is remanded to circuit court for further proceedings consistent with this opinion.
RYDER, A.C.J., and DANAHY and PATTERSON, JJ., concur.