Joseph SAUCIER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4859.

Court of Appeals of Alaska.

Feb. 25, 1994.

---

Saucier was arrested by Seward Police Officer Gary Byrnes. Byrnes was driving behind Saucier's car on a Seward city street at about 1:20 a.m., when Saucier's manner of driving caught his attention. Byrnes saw Saucier drive for approximately the length of a city block with his left tires on the center line of the road. A car going in the opposite direction passed Saucier's car during this time. In the next block Saucier's left tires briefly crossed completely over the center line. Half a block later Saucier pulled into a parking space. Byrnes pulled in behind him and turned on his overhead lights.

Byrnes walked up to Saucier's car and told Saucier that he had stopped him for driving on and over the center line. Byrnes asked for Saucier's driver's license and Saucier produced it without difficulty. Byrnes did not notice any odor of liquor at this time.

Byrnes asked Saucier to get out of his car and step up onto the curb, and Saucier complied. When Byrnes asked him whether he had had anything to drink, Saucier replied that he had had a "couple of beers." During this conversation on the sidewalk, Byrnes detected an odor of liquor about Saucier's person. In his testimony, Byrnes characterized this odor as a "normal," rather than "strong," odor of intoxicating liquor. Byrnes asked Saucier to perform field sobriety tests and to submit to a preliminary breath test. Saucier refused both requests. Byrnes then arrested Saucier for DWI.

René L. Wright, Asst. Public Defender, Kenai, and John B. Salemi, Public Defender, Anchorage, for appellant.

Ethan A. Berkowitz, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before COATS and MANNHEIMER, JJ., and WOLVERTON, District Court Judge.*

*OPINION*

WOLVERTON, District Court Judge.

Joseph Saucier was arrested for driving while intoxicated (DWI) and subsequently charged with refusal to submit to a chemical test of his breath. He entered a no contest plea to the refusal charge, reserving his right to appeal the district court's denial of his motion to suppress the evidence of his refusal to submit to the chemical test. Saucier argues that the officer who arrested him did not have probable cause to believe that Saucier had been driving while intoxicated. We agree.

Probable cause for an arrest exists when the officer is aware of facts and circumstances, based on reasonably trustworthy information, that are sufficient in themselves to warrant a reasonable belief that an offense has been or is being committed. *Pistro v. State,* 590 P.2d 884, 886 (Alaska 1979); *State v. Grier,* 791 P.2d 627, 631 (Alaska App.1990). The existence of probable cause is a mixed question of fact and law. Absent clear error, we must accept the facts as the lower court finds them. Whether probable cause arises from those facts, however, is a purely legal issue over which we exercise our independent judgment. *Chandler v. State,* 830 P.2d 789,

* Sitting by assignment made under article IV, section 16 of the Alaska Constitution.

792 (Alaska App.1992); *Grier*, 791 P.2d at 631.

█ In this case there are no clear errors in the trial court's findings of fact. We disagree, however, with that court's conclusion that Byrnes' observations gave him probable cause to arrest Saucier for DWI.

While there is no question that Saucier was driving, the only facts and circumstances suggesting that Saucier was driving while intoxicated were his minor driving errors, as described above, and the facts that he emitted a "normal" odor of alcohol, admitted to having had a couple of beers, and refused to perform field sobriety tests.[1] At the evidentiary hearing, Byrnes was given the opportunity to expand on the bases for the arrest, but was unable to do so. He candidly admitted that many of the common indicia of intoxication were absent.[2]

In denying Saucier's motion to suppress, the trial court stated that "[t]his court can't imagine a greater paucity of facts supporting probable cause for an arrest for drive[ing] while intoxicated."

The paucity of supporting facts is what distinguishes this case from those in which we have found probable cause to arrest for DWI. The state analogizes this case to *State v. Grier*, 791 P.2d 627 (Alaska App.1990), but the comparison is not apt. In *Grier* we found probable cause to arrest despite Grier's successful performance of several field sobriety tests. After stopping him for speed-

ing, an officer noticed that Grier's eyes were bloodshot and watery and that there was a strong odor of alcohol about his person. Grier had difficulty retrieving his vehicle registration upon the request of the officer. Grier's balance appeared to be unsteady as he exited his vehicle, and he walked back to the patrol car in a "light footed" and "bouncy" way that the officer thought was "very unusual." Grier was very talkative and appeared to be confused. He admitted to having consumed two or three beers. Although he successfully completed four of five field sobriety tests, Grier failed the horizontal gaze nystagmus test. These indicia of intoxication were conspicuously absent in Saucier's case, thus distinguishing it from *Grier*.

The state also cites *Skuse v. State*, 714 P.2d 368 (Alaska App.1986). Again, the case is not analogous to Saucier's. When initially observed, Skuse was driving in an erratic manner indicative of impairment. Skuse's vehicle was weaving continuously within its lane and he was seen making an unnecessarily evasive response to an approaching vehicle by veering into the lane of oncoming traffic. After stopping Skuse, the officer noticed an odor of alcohol coming from Skuse's vehicle. Skuse fumbled in his wallet for a few seconds before he found his driver's license, and he tore his vehicle registration when taking it out of its envelope. Skuse also seemed confused when the officer questioned him about his expired registration stickers. Like Saucier, Skuse smelled of liquor and refused to

1. The state argues that Saucier's refusal to submit to a preliminary breath test (PBT) should be considered as an additional factor in support of probable cause. This argument is mistaken. We have previously held that "an officer must have probable cause to arrest a defendant for driving while under the influence before he can lawfully administer a preliminary breath test." *Leslie v. State*, 711 P.2d 575, 577 (Alaska App.1986). It would be incongruous to hold that an officer who does not have the requisite probable cause to administer a PBT can nevertheless ask a driver to submit to such a test, and then use the driver's refusal of that request to bolster the circumstances supporting probable cause.

2. Byrnes' testimony on cross-examination included the following:

Q. Now, that odor [of alcohol about Saucier] was not an extraordinarily strong odor, was it?

A. Just a normal odor of intoxicating liquor.
....
Q. He didn't seem confused about what you were asking?
A. No, he did not.
Q. His eyes were normal?
A. Yes.
Q. His gait was normal when he exited the vehicle and walked up on the sidewalk?
A. Yes.
....
Q. His balance was fine. You observed him walking up on the sidewalk. He didn't trip, he didn't stumble, he didn't seek support from the vehicle to help him stand up?
A. No.
Q. His balance, you indicated, was fine. Correct?
A. Yes.
Q. And he had no slurred speech?
A. No, he did not.

perform field sobriety tests, but the similarities end there. Skuse's driving errors were more like those usually exhibited by intoxicated drivers. Unlike Skuse, Saucier did not exhibit confusion and clumsiness when asked for his license and registration.

We have found probable cause to arrest for DWI in cases where driving behavior that indicates impaired control of the vehicle is accompanied by signs of intoxication such as bloodshot eyes, flushed complexion, poor physical coordination, and confusion. *See, e.g., Skuse,* 714 P.2d at 373; *Robins v. Anchorage,* 711 P.2d 550, 552 (Alaska App.1985). Even in cases where no erratic driving has been observed, we have found probable cause based on multiple indicia of intoxication, particularly if these included failure of one or more field sobriety tests. *See, e.g., Russell v. Anchorage,* 706 P.2d 687, 690 (Alaska App. 1985); *cf. Grier,* 791 P.2d at 631. Neither situation is presented in this case.

Saucier's manner of driving did not strongly suggest that his control of the vehicle was impaired. The odor of alcohol Byrnes detected indicated that Saucier had consumed some amount of alcohol, as he admitted that he had. However, the law prohibits driving while intoxicated, not driving after having had a drink. This distinction has been cogently stated by the Ohio Court of Appeals:

> The mere odor of alcohol about a driver's person, not even characterized by such customary adjectives as "pervasive" or "strong," may be indicia of alcohol ingestion, but is no more a probable indication of intoxication than eating a meal is of gluttony.

*State v. Taylor,* 3 Ohio App.3d 197, 444 N.E.2d 481, 482 (1981).

Finally, Saucier's unwillingness to perform field sobriety tests, if at all probative of intoxication, is far less so than the attempt and failure of such tests. We recognize the difficulty encountered by an officer when a driver effectively cuts off an investigation by refusing to perform field sobriety tests. Nevertheless, we cannot uphold an arrest that is not supported by probable cause to believe that a crime has been committed.

Because Byrnes did not have probable cause to arrest Saucier for DWI, Saucier is entitled to have evidence of his refusal to take a breath test suppressed. *See Skuse v. State,* 714 P.2d at 372. The district court erred in denying Saucier's motion to suppress. The judgment of conviction against Saucier is REVERSED.

BRYNER, C.J., not participating.