513 P.2d 1086 (1973)
Marv A. BEYER, Plaintiff-Appellant,
v.
M. A. YOUNG, Defendant-Appellee.
No. 72-203.
Colorado Court of Appeals, Div. II.
May 15, 1973.
Rehearing Denied June 19, 1973.
Certiorari Denied September 24, 1973.
*1087 Costello, Kofoed & O'Donnell, David L. Kofoed, Denver, for plaintiff-appellant.
J. Donovan Stapp, Denver, Richard Kaufman, Aurora, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
This is an appeal from an order of the district court of Arapahoe County dismissing, on motion for summary judgment, an action for false arrest and false imprisonment. The plaintiff-appellant, Marv A. Beyer, is a private citizen and the defendant-appellee, M. A. Young, is an Aurora city policeman. On June 29, 1970, patrolman Young received a formal complaint of a responsible citizen to the effect that plaintiff had committed a lewd act by standing nude in his bedroom window. Subsequent investigation by officer Young tended to corroborate the allegations of the complaining witness, and officer Young arrested plaintiff without a warrant and charged him with violating the relevant municipal ordinance. Plaintiff was tried on the charges and acquitted.
Plaintiff then brought a civil action against the City of Aurora, the complaining witness, and officer Young. The case against the City of Aurora and the complaining witness was dismissed. Subsequently, on motion for summary judgment supported by affidavits and a transcript of the police court trial, the case against officer Young was dismissed. Plaintiff had filed no counter-affidavits to this motion. Plaintiff alleges error as to the dismissal of the action against officer Young and brings this appeal. We affirm.
*1088 Plaintiff takes the position that, if a misdemeanor is not committed in an officer's presence, an arrest can only be made without a warrant if, (1) a criminal offense has in fact been committed, and if (2) the officer has reasonable grounds for believing that the person to be arrested has committed it. He argues that, since he was the only person who could have committed the alleged offense, his acquittal establishes that no offense was in fact committed.
Defendant takes the position that C.R.S.1963, 39-2-20, provides that an officer may make an arrest for violation of a misdemeanor without a warrant if the officer has probable cause or reasonable grounds to believe that an offense has been committed and probable cause or reasonable grounds to believe that a certain individual committed that offense. We agree with this construction of the statute.
In Gonzalez v. People, 156 Colo. 252, 398 P.2d 236, probable cause (or "reasonable grounds" in the statute) was given the following interpretation:
"The terms `probable cause' and `reasonable grounds' are substantially equivalent in meaning. [citing cases] Probable cause exists where the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. [citing cases] In dealing with probable cause, one deals with probabilities. `These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' [citing cases]."
These principles control in the instant factual situation. Even though plaintiff was arrested without a warrant and was subsequently acquitted of the charges filed against him, officer Young is not civilly liable for false arrest and false imprisonment. Officer Young, under the undisputed facts, had "probable cause" to believe that an offense had been committed and that plaintiff was the person who had committed it.
Also, defendant is correct in his contention that the acquittal of the plaintiff of the particular charge is not determinative of the lawfulness of the arrest. The officer's right to make the arrest is dependent upon the facts and circumstances in existence at the time of the arrest and not dependent upon the outcome of a subsequent trial. Stewart v. State, 244 S.W.2d 688 (Tex.Civ.App.).
Judgment affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.