**Walter W. COLEMAN, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 7215.

Court of Appeals of Alaska.

March 4, 1983.

Larry Cohn, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

Russell S. Babcock, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Walter W. Coleman, Jr., appeals his conviction of driving while intoxicated (DWI), in violation of AS 28.35.030. Coleman asserts that evidence of his refusal to take a breathalyzer test was improperly admitted at trial, in violation of his constitutional right against self-incrimination.

█ Under the express terms of AS 28.-35.032(e), evidence of refusal to submit to a breathalyzer test is admissible at trial if the defendant was lawfully under arrest for DWI at the time of his refusal. It is apparent that the purpose of this statutory provision is to assure that individuals arrested for DWI do not benefit from failure to comply with the requirements of Alaska's implied consent statute, AS 28.35.031. In *Palmer v. State,* 604 P.2d 1106, 1110 (Alaska 1979), the Alaska Supreme Court specifically upheld the implied consent law, ruling that a person lawfully arrested for DWI has no constitutional right to refuse a breathalyzer test. *See also Graham v. State,* 633 P.2d 211, 214 (Alaska 1981).

█ Given the validity of Alaska's implied consent laws, we do not believe that Coleman's refusal to take the breathalyzer test can give rise to a constitutional claim of privilege.[1] Even assuming the breathalyzer refusal could be deemed to have amounted to a testimonial statement, a proposition as to which we remain unconvinced, this statement could not properly be

---

1. In *Elson v. State,* 659 P.2d 1195, 1199, n. 14 Op. No. 2615 at 11, n. 14 (Alaska, February 18, 1983), the Alaska Supreme Court specifically reserved decision on a self-incrimination issue identical to that prosecuted in this case, expressing no opinion on how it should be resolved. We recognize that courts of other jurisdictions have split on this issue. A majority of courts have held that the privilege against self-incrimination does not apply to breathalyzer refusals. *See, e.g., Finley v. Orr,* 262 Cal. App.2d 656, 69 Cal.Rptr. 137 (Cal.App.1968); *State v. Vietor,* 261 N.W.2d 828 (Iowa 1978); *People v. Thomas,* 46 N.Y.2d 100, 412 N.Y.S.2d 845, 385 N.E.2d 584 (N.Y.1978); *cert. denied,* 444 U.S. 891, 100 S.Ct. 197, 62 L.Ed.2d 127 (1979); *State v. Gardner,* 52 Or.App. 663, 629 P.2d 412, 416 (Or.App.1981); and *Commonwealth v. Dougherty,* 259 Pa.Super. 88, 393 A.2d 730 (Pa.1978). More recently, however, at least two cases have held that evidence of a breathalyzer refusal does amount to a violation of the privilege. *See State v. Jackson,* 637 P.2d 1 (Mont.1981), *petition for cert. filed,* 50 U.S. L.W. 3696 (U.S. March 2, 1982) (No. 81–1531); and *State v. Neville,* 312 N.W.2d 723 (S.D. 1981), *reversed, South Dakota v. Neville,* —— U.S. ——, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). the Alaska Supreme Court's rulings in *Palmer* and *Graham* require rejection of the minority view.

considered privileged, since Coleman had no legal right to make it. The refusal was entitled to no greater protection than would be given to any other unlawful conduct engaged in by Coleman with intent to hamper investigation of the offense for which he was arrested.

By our holding, we do not mean to indicate that evidence of breathalyzer refusals is *per se* admissible in all cases. As with other types of circumstantial evidence, admissibility of breathalyzer refusals should be determined pursuant to Evidence Rules 401–403, on a case-by-case basis, by weighing probative value against potential for

unfair prejudice. *See Williford v. State,* 653 P.2d 339, 342–43 (Alaska App.1982).[2]

The judgment of conviction is AFFIRMED.

**2.** In *Williford,* 653 P.2d at 342–43, we expressly rejected the argument that evidence of a breathalyzer refusal is *per se* admissible under AS 28.35.032. We held that, as a prerequisite to admission, "a reasonable attempt to communicate to a defendant the consequence of a refusal to take the breathalyzer examination" was required. We further held that, based on the circumstances of the individual case, a determination should be made as to whether relevance is outweighed by the potential for prejudice which is created. We conclude that in each case admissibility of such evidence is an issue committed to the trial court's discretion.