**Jackie JENSEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7488.**

Court of Appeals of Alaska.

Aug. 5, 1983.

Arthur S. Robinson, Soldotna, for appellant.

Jeffrey W. Cole, Asst. Atty. Gen., Anchorage, Anne D. Carpeneti, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Jackie Jensen was charged on October 4, 1982, with driving while intoxicated. AS 28.35.030. The complaint was subsequently amended to add an additional charge of refusing to submit to a chemical test of breath. AS 28.35.032(f). Jensen sought

---

dismissal of the amended charge on constitutional grounds. His motion was denied. Thereafter, Jensen entered a plea to the amended charge conditioned on his right to preserve his constitutional arguments for appeal. The prosecutor and the court accepted the plea and thereafter the prosecutor dismissed the driving while intoxicated charge. We therefore have jurisdiction over this appeal. *See Oveson v. Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978).

Alaska Statute 28.35.032(f) provides: "Refusal to submit to the chemical test of breath authorized by AS 28.35.031 is a class A misdemeanor." Alaska Statute 28.35.031 provides:

> A person who operates or drives a motor vehicle in this state ... shall be considered to have given consent to a chemical test or tests of a person's breath for the purpose of determining the alcoholic content of the person's blood or breath, if lawfully arrested for an offense arising out of acts alleged to have been committed while the person was operating or driving a motor vehicle .... The test or tests shall be administered at the direction of a law enforcement officer who has reasonable grounds to believe that the person was operating or driving a motor vehicle ... in this state while intoxicated.

The criminal penalties for refusing to submit to the proscribed chemical test are identical to the penalties for driving while intoxicated. *Compare* AS 28.35.032(g) (governing penalties for refusal to submit to a chemical test) *with* AS 28.35.030(c) (governing penalties for operating a vehicle while intoxicated).

Jensen challenges the constitutionality of AS 28.35.032(f) on two grounds. First, he contends that the statute violates substantive due process. Second, he contends that the statute violates the prohibition against cruel and unusual punishment. We affirm.

## SUBSTANTIVE DUE PROCESS

Jensen contends that AS 28.35.032(f) has no reasonable relationship to a legitimate government purpose and therefore violates article I, section 7 of the Alaska Constitution and the fourteenth amendment of the United States Constitution. He argues that making criminal the refusal to take a breath test is an unreasonable restraint on his liberty. He concedes that there is a compelling governmental interest to maintain public safety by removing drunk drivers from the public highways, but argues that this statute does not further that purpose because someone who is not intoxicated may refuse to submit to the breathalyzer test for a variety of reasons unrelated to his state of intoxication and thereafter be convicted. Jensen concedes that his substantive due process claim must fail if the enactment has a reasonable relationship to the prevention of drunk driving. *See State v. Rice,* 626 P.2d 104, 110 (Alaska 1981); *Ravin v. State,* 537 P.2d 494, 498 (Alaska 1975); *Concerned Citizens of South Kenai Peninsula v. Kenai Peninsula Borough,* 527 P.2d 447, 452 (Alaska 1974).

Jensen vigorously argues, however, that if the statute is based upon a legislative assumption that a person's refusal to take a breathalyzer examination establishes that person's consciousness of guilt of drunk driving, the justification is insufficient since the reasonableness of similar assumptions, *i.e.,* inferences of guilt from refusal to supply evidence, has been disputed by our supreme court. *See, e.g., Elson v. State,* 659 P.2d 1195, 1201 (Alaska 1983) (refusal to consent to a search not admissible); *Bargas v. State,* 489 P.2d 130, 133 (Alaska 1971) (flight held not to show consciousness of guilt); *Watson v. State,* 387 P.2d 289, 291 (Alaska 1963) (rule that silence in the face of an accusatory statement shows consciousness of guilt, limited). Consequently, Jensen concludes, even if refusal to take a breathalyzer is admissible to show consciousness of guilt, *see Coleman v. State,* 658 P.2d 1364, 1365 (Alaska App.1983), it may not, consistent with substantive due process, be made conclusive on the issue of guilt of drunk driving.

The state argues that AS 28.35.032(f) is reasonably related to the public purpose of obtaining evidence of drunk driving. The state reasons that it is analogous to AS 11.56.610 which prohibits tampering with physical evidence and punishes anyone who conceals physical evidence with intent to

impair its availability in an official proceeding or criminal investigation.[1] Tampering with physical evidence is a class C felony. AS 11.56.610(b). The state contends that both the United States Supreme Court in *South Dakota v. Neville,* —— U.S. ——, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), and *Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979), and our supreme court in *Wester v. State,* 528 P.2d 1179 (Alaska 1974), have recognized the value of breathalyzer evidence in determining whether someone is too intoxicated to safely drive an automobile. Finally, the state cautions that it is not necessary in order to justify the statute against a due process challenge to assume that refusal to take a breathalyzer signifies a person's consciousness of guilt, *i.e.,* his or her belief that a breathalyzer examination would be inculpatory. This is so, the state concludes, because the modern codes punishing concealment of evidence do not require a showing that the evidence concealed was admissible or even material. *See* Alaska Criminal Code Revision, Part 4 at 66 (Tent.Draft 1977) (comment to AS 11.56.610); Model Penal Code and Commentaries Part II § 241.7, at 179–80 (1980).

 We accept the state's argument and conclude that AS 28.35.032(f) is sufficiently analogous to a statute punishing concealment of evidence such as AS 11.56.610 to satisfy substantive due process. We are not holding that Jensen's conduct was necessarily covered by AS 11.56.610 or that the alcohol content of his blood meets the statutory definition of "physical evidence." *See, e.g.,* AS 11.56.900(4) (defining "physical evidence"). We simply conclude that the legislature could reasonably determine that breathalyzer examinations would be helpful in identifying and successfully prosecuting drunk drivers and that a refusal to submit to a breathalyzer examination effectively impedes these objectives. Since a defendant has no right to refuse such an examination, *see Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), penalizing a refusal serves the legitimate legislative goals of deterring such refusals and ensuring that those who refuse gain no benefit by their refusal. *See, e.g., Coleman v. State,* 658 P.2d at 1365.[2]

## CRUEL AND UNUSUAL PUNISHMENT

 Our recognition of the analogy between AS 28.35.032(f) and AS 11.56.610, punishing concealment of physical evidence, disposes of Jensen's cruel and unusual punishment claim. As we previously noted, imposing punishment for refusal to take a breathalyzer serves the legitimate public goals of deterring such conduct and ensuring that such conduct will not benefit a defendant. We note in passing that the legislature has made violation of AS 11.56.-610 a felony subject to five years' imprisonment. *See* AS 12.55.125(e). Imposing misdemeanor penalties for refusal to take a breathalyzer, a substantially lesser penalty, does not result in subjecting Jensen to punishment, out of proportion to the conduct in which he has engaged. *See Lanier v. State,* 486 P.2d 981 (Alaska 1971). *Cf. Ebona v. State,* 577 P.2d 698, 701 (Alaska 1978) (drivers impaired by intoxication present substantial risk to driving public).

The judgment of the district court is AFFIRMED.

---

1. A conviction for violation of AS 11.56.610 requires proof of specific intent. AS 28.35.-032(f) is silent regarding *mens rea* and no issue regarding *mens rea* is presented in this appeal. We therefore do not address the issue. *Compare Reynolds v. State,* 655 P.2d 1313 (Alaska App.1982) (discussing determinations of *mens rea* for fish and game violations where no *mens rea* is specified) *with Neitzel v. State,* 655 P.2d 325 (Alaska App.1982) (discussing determinations of *mens rea* under the revised code where no *mens rea* is specified).

2. The state does not stop vehicles at random and require that the drivers submit to breathalyzer examinations. The implied consent provision only applies to those arrested with probable cause to believe they have been driving while intoxicated. The requirement of probable cause serves to ensure that refusal to submit to a breathalyzer does impede the gathering of evidence whether inculpatory or exculpatory of a specific offense.