Michael LESLIE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–866.

Court of Appeals of Alaska.

Jan. 3, 1986.

Gary R. Letcher, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Anchorage and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Alaska Statute 28.35.031(b) authorizes police in certain situations to administer a preliminary breath test. That statute provides:

(b) A person who operates or drives a motor vehicle in this state shall be considered to have given consent to a preliminary breath test for the purpose of determining the alcoholic content of the person's blood or breath. A law enforcement officer may administer a preliminary breath test at the scene of the incident if the officer has reasonable grounds to believe that a person's ability to operate a motor vehicle is impaired by the ingestion of alcoholic beverages and that the person

(1) was driving a motor vehicle that is involved in an accident; or

(2) committed a moving traffic violation.

Under AS 28.35.031(c) the officer who administers the test must advise the person to whom he wishes to administer the preliminary breath test that refusal to take the test is an infraction. See AS 28.35.-031(e) (refusal to submit to the preliminary breath test is an infraction).

The facts of the present case can be stated briefly. A state trooper observed Leslie speeding on the Glenn Highway, and while following in his patrol vehicle clocked Leslie's speed at 64 mph. When he stopped Leslie for the speeding violation, he noticed signs of intoxication and administered a set of field sobriety tests. At some point the trooper asked Leslie to take the preliminary breath test, but Leslie declined. The trooper was apparently convinced that he had probable cause to arrest for driving while intoxicated but another car came by at an extremely excessive speed, almost sideswiping the trooper's vehicle, so the trooper simply cited Leslie for speeding and refusing the breath test, and then instructed Leslie's passenger, who was sober, to take over the driving duties.

Leslie was prosecuted for failure to take the preliminary breath test. He moved to dismiss, arguing that the statute unconstitutionally interfered with his rights under the fourth and fifth amendments to the United States Constitution. These motions were denied, Leslie was convicted and fined $150.

Leslie first argues that the administration of a breath test is a search under the fourth amendment to the United States Constitution. In *Burnett v. Anchorage*, 678 P.2d 1364, 1368 (Alaska App.1984), *cert. denied*, — U.S. —, 105 S.Ct. 190, 83 L.Ed.2d 123 (1984), and *Svedlund v. Anchorage*, 671 P.2d 378, 384 (Alaska App. 1983), this court assumed, without decid-

ing, that administering a breath test is a search. Upon further reflection we believe that requiring a suspect to submit to a breath test is a sufficient intrusion by a law enforcement officer that we should regard it as a search. *See* 1 W. LaFave, Search and Seizure: *A Treatise on the Fourth Amendment.* § 2.1(a) at 221–24 (1978); *Pooley v. State,* 705 P.2d 1293 (Alaska App.1985) (discussing whether a "dog sniff" is a search under the fourth amendment). We therefore agree with Leslie that administration of a breath test is a search.

■ Leslie next contends that the portable breath test authorized by AS 28.35.031 constitutes an unreasonable search under the fourth amendment to the United States Constitution. We disagree. In reading AS 28.35.031, we apply the rule of statutory construction that "ambiguities in penal statutes must be narrowly read and construed strictly against the government." *Cassell v. State,* 645 P.2d 219, 222 (Alaska App.1982). We note that AS 28.35.031(a) provides that:

> *Implied consent.* (a) A person who operates or drives a motor vehicle in this state ... shall be considered to have given consent to a chemical test or tests of the person's breath for the purpose of determining the alcoholic content of the person's blood or breath *if lawfully arrested* for an offense arising out of acts alleged to have been committed while the person was operating or driving a motor vehicle ... while intoxicated. *The test or tests shall be administered at the direction of a law enforcement officer who has reasonable grounds to believe that the person was operating or driving a motor vehicle ... in this state while intoxicated.* [Emphasis supplied.]

Neither AS 28.35.031(a) nor AS 28.35.031(b) define what "reasonable grounds" is. However, in AS 28.35.031(a) the statute applies "reasonable grounds" to a situation where the police have lawfully arrested a defendant. In order to lawfully arrest a defendant, the police would need to establish probable cause. We also note that the legislature did not use the term "reasonable suspicion," a standard somewhat less stringent than probable cause and one which has been used to justify an investigative stop. *Terry v. Ohio,* 392 U.S. 1 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Coleman v. State,* 553 P.2d 40, 43 (Alaska 1976).

What "reasonable grounds" means must also be looked at from the perspective that the statute does authorize a search. In light of this background we construe "reasonable grounds" be the equivalent of probable cause.[1] Thus we construe AS 28.-35.031(b) to authorize an officer to administer a preliminary breath test only where he has probable cause "to believe that a person's ability to operate a motor vehicle is impaired by the ingestion of alcoholic beverages" and, in addition, probable cause to believe that the person "is driving a motor vehicle that is involved in an accident; or ... committed a moving traffic violation."

Under this interpretation an officer must have probable cause to arrest a defendant for driving while under the influence before he can lawfully administer a preliminary breath test. We believe that it is reasonable for the statute to authorize an officer to administer a preliminary breath test under these circumstances. Even though the officer may have probable cause to arrest for driving while under the influence, many times the physical signs that an officer relies on in determining that a driver is intoxicated are misleading. Authorizing the officer to administer a preliminary breath test appears to us to be a reasonable step to take to confirm or dispel the officer's observations. We therefore believe that AS 28.35.031(b) does not authorize an unreasonable search. *See Burnett,* 678 P.2d at 1370 (holding a statute penaliz-

---

**1.** We note that several other jurisdictions have construed the terms "reasonable grounds" and "probable cause" as synonymous in arrest situations. *See State v. Davis,* 98 Ill.App.3d 461, 53 Ill.Dec. 839, 424 N.E.2d 630, 634 (1981); *State v.* *Davis,* 620 P.2d 1209, 1212 (Mont.1980); *State v. Middleton,* 170 Conn. 601, 368 A.2d 66, 67 (1976); *Beyer v. Young,* 32 Colo.App. 273, 513 P.2d 1086, 1088 (1973).

ing refusal to take breath test not violative of fourth or fifth amendments).

■ Leslie next argues that AS 28.35.-031 is unconstitutional since it requires him to give an advance waiver of his fourth amendment rights as a condition of the privilege to drive. This is the same argument which we disposed of in upholding the "implied consent" statute which requires a motorist to consent to take a breathalyzer examination when he is "lawfully arrested for an offense arising out of acts alleged to have been committed while [he was driving while intoxicated]." AS 28.35.031(a). *McCracken v. State*, 685 P.2d 1275 (Alaska App.1984). There is no constitutional right to refuse to submit to a breathalyzer examination. *McCracken* at 1278 (Singleton, J., concurring). We have held in the present case that the officer was authorized under AS 28.35.031 to administer the preliminary breath test. As in *McCracken*, the legal fiction of Leslie's "implied consent" is not a constitutional issue.

■ Leslie next argues that administration of the preliminary breath test violates his constitutional privilege against self-incrimination. We have previously rejected similar contentions in *Svedlund v. Anchorage*, 671 P.2d 378, 383–84 (Alaska App. 1983) and *Coleman v. State*, 658 P.2d 1364 (Alaska App.1983). *See also South Dakota v. Neville*, 459 U.S. 553, 564, 103 S.Ct. 916, 923, 74 L.Ed.2d 748, 759 (1983). We similarly reject Leslie's argument.

The conviction is AFFIRMED.