Benjamin BROWN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1715.

Court of Appeals of Alaska.

June 26, 1987.

---

Linda R. MacLean, Anchorage, for appellant.

Nathan A. Callahan, Asst. Dist. Atty., Kenai, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Benjamin Brown pled no contest to a charge of refusal to submit to a chemical test, in violation of AS 28.35.032(a). Brown conditioned his plea on the right to appeal the trial court's previous order denying his motion to dismiss the prosecution. *Oveson v. Anchorage,* 574 P.2d 801 (Alaska 1978); *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974).

■ The parties have in effect submitted this case on stipulated facts, arguing only the legal significance of those facts. Brown asks us to hold that a person cannot be found guilty of refusing to submit to a breathalyzer examination unless a jury first finds beyond a reasonable doubt that he operated a motor vehicle under the influence of intoxicating liquor. *See* AS 28.-35.030. In other words, Brown argues that it is improper to have a jury acquit on a driving while intoxicated charge and nevertheless return a guilty verdict on a refusal charge.[1] We reject Brown's arguments and affirm the decision of the trial court.

On January 7, 1986, Donald Fritz, an officer with the Soldotna Police Department, received a report from a Mr. Cockcroft regarding a possible drunk driver. Cockcroft told Fritz that he had picked up two occupants of a disabled vehicle, located near a ditch at approximately mile 93.5 of the Sterling Highway, and transported them to a service station where he understood they hoped to hire a wrecker to remove the vehicle from the ditch. Cockcroft stated that he was concerned because both individuals appeared intoxicated. He conceded, however, that he had not observed either individual driving the vehicle. Officer Fritz located the vehicle, and some time

---

1. Driving while intoxicated and refusing a breath or blood test are separate offenses permitting separate convictions and separate sentences. *See Whitton v. State,* 479 P.2d 302 (Alaska 1970) (explaining what constitutes a separate offense). Since the two offenses have distinct elements, acquittal of one and conviction of the other would not constitute inconsistent verdicts. *See DeSacia v. State,* 469 P.2d 369 (Alaska 1970).

later located the two men in question near the Spur Highway and Parks Street intersection. Brown made a statement to Fritz, in essence corroborating Cockcroft's report. Brown conceded that he had been driving the vehicle at the time it became stuck in the ditch. However, he denied that he had been intoxicated at that time. Brown indicated that he did not become intoxicated until after the accident. He conceded that he was intoxicated at the time Officer Fritz contacted him. Fritz arrested Brown for driving while intoxicated, and when Brown refused to provide a breath sample, he was charged with refusal as well.

Brown filed a pretrial motion to dismiss count I, driving while intoxicated, and count II, refusal to take a chemical test. A review of Brown's supporting memorandum indicates that he was seeking a pretrial judgment of acquittal based upon the assertion that the state could not prove beyond a reasonable doubt that he was intoxicated while operating the vehicle.[2]

The trial court denied Brown's motion and he appeals.

## DISCUSSION

Alaska Statute 28.35.032(f) provides: "Refusal to submit to the chemical test of breath authorized by AS 28.35.031(a) is a class A misdemeanor." Alaska Statute 28.-35.031 provides in pertinent part:

*Implied consent.* (a) A person who operates or drives a motor vehicle in this state ... shall be considered to have given consent to a chemical test or tests of the person's breath for the purpose of determining the alcoholic content of person's blood or breath if lawfully arrested for an offense arising out of acts alleged to have been committed while the person was operating or driving a motor vehicle ... while intoxicated. The test or tests

shall be administered at the direction of a law enforcement officer who has reasonable grounds to believe that the person was operating or driving a motor vehicle ... in this state while intoxicated.

The criminal penalties for refusal to submit to the prescribed chemical test are identical to the penalties for driving while intoxicated. *Compare* AS 28.35.032(g) (governing penalties for refusal to submit to a chemical test) *with* AS 28.35.030(c) (governing penalties for operating a vehicle while intoxicated).

We have previously held that AS 28.35.-032(f) is analogous to AS 11.56.610 which prohibits tampering with physical evidence and punishes anyone who conceals physical evidence with intent to impair its availability in an official proceeding or criminal investigation. *Jensen v. State,* 667 P.2d 188, 189–90 (Alaska App.1983). In *Jensen,* we concluded that it was not necessary, in order to justify AS 28.35.032(f) against a due process challenge, to assume that refusal to take a breathalyzer signifies a person's consciousness of guilt of the offense of driving while intoxicated. We adopted this position because the modern codes punishing concealment of evidence do not require a showing that the evidence concealed was admissible or even material. 667 P.2d at 190.

■ Our prior decisions establish the elements which the state must prove to a jury beyond a reasonable doubt in order to sustain a conviction under AS 28.35.032. First, the defendant either must have known, or should have known, that the chemical test of breath or blood was requested as potential evidence in connection with the investigation of a charge that he or she was driving while intoxicated; this corresponds to the *mens rea* of the offense.[3] *See Svedlund v. Anchorage,* 671

---

**2.** While the criminal rules recognize pretrial motions to dismiss on a variety of grounds, there is no specific provision for pretrial motions for summary judgment. *See* Alaska R.Crim.P. 12. *Compare* Alaska R.Civ.P. 56 (permitting summary judgment in civil cases). Our willingness to entertain Brown's *Cooksey* appeal in this case should not be interpreted as a recog-

nition of pretrial motions for summary judgment in criminal cases. *See State v. Kolobatten,* 347 N.W.2d 569, 570 (N.D.1984). *But see State v. Knapstad,* 729 P.2d 48 (Wash.1986) (permitting pretrial motion for summary judgment in criminal cases).

**3.** Neither the state statute nor the Anchorage ordinance discussed in *Svedlund* specifically

P.2d 378, 385 (Alaska App. 1983) (discussing the virtually identical AMC 09.28.-022(A)). Second, the state must show the act of refusing to submit to the test; this corresponds to the *actus reus* of the offense. 671 P.2d at 385.

▮ It is important to stress that our prior decisions establish that the warnings required by the statute and the ordinance are not elements of the offense. *See Svedlund,* 671 P.2d at 385 (warnings required by the ordinance [and by extension, the statute] constitute a foundation to be determined by the trial court for admission of the evidence of the defendant's refusal and are not separate elements of the offense to be proved to a jury). *See also* A.R.E. 104(a) (discussing trial court determination of preliminary facts). Nor is the lawfulness of the arrest for driving while intoxicated a jury issue. *Skuse v. State,* 714 P.2d 368, 372 (Alaska App.1986) (trial court properly held that probable cause to arrest was not an element of the offense of refusing to submit to a chemical breath test). We have cautioned, however, that these holdings do not render the arrest and the warnings irrelevant to a prosecution for refusing to submit to a chemical breath test. For example, the warnings required by the ordinance, and by extension the statute, are relevant on the issue of *mens rea.* We said:

> It is important to understand, however, for purposes of *mens rea* that it is not Svendlund's knowledge of his intoxication or of the adverse consequences he will suffer if he refuses to take the breathalyzer examination that is in issue, but his knowledge of the purpose and the significance of the breathalyzer test, and his awareness that he is required to take the test. Evidence that he was told that the penalty for refusal was identical to the penalty for driving while intoxicated would bring home to the suspect the fact that he was required by law to take the test in order to produce evidence of the amount of alcohol in his blood, that the evidence was significant, and that he would obtain no advantage from refusing the test.

671 P.2d at 385.[4]

By the same token, the lawfulness of the suspect's arrest for driving while intoxicated will be highly relevant to a pretrial motion to suppress evidence of his or her refusal. *See Skuse,* 714 P.2d at 372–73; *McCracken v. State,* 685 P.2d 1275, 1279 (Alaska App.1984) (Bryner, Chief Judge, and Singleton, Judge, concurring). Where,

---

prescribes a *mens rea,* and we have never previously decided what mental state is required. *See, e.g., Jensen v. State,* 667 P.2d at 190 n. 1 (state statute), and *Svedlund,* 671 P.2d at 385 (municipal ordinance). In *Svedlund,* we assume for purposes of discussion only a negligence standard, *i.e.,* a "reasonably should know" standard, citing *State v. Rice,* 626 P.2d 104, 110 (Alaska 1981).

While the parties discuss *"mens rea"* in their briefs, Brown does not specifically ask this court to construe the statute and determine a *mens rea* and we decline to do so at this time. We believe that a number of conflicting policy considerations will have to be resolved in determining what *mens rea* was intended by the legislature to govern this offense. Adversary briefing would be very helpful to us in making this determination.

**4.** We also noted that:
    Law enforcement authorities will no doubt develop form warnings to be given defendants to ensure admission of any refusal at trial. We would strongly urge that at a minimum such warnings inform the defendant that he is under arrest for driving while intoxicated, that he is required by law to submit to a breathalyzer examination to determine his blood-alcohol level as evidence of the offense, that he will not be forced to take the test over his refusal but if he refuses to take the test (1) he will lose his right to operate a motor vehicle, (2) the refusal can be used against him in court as evidence of his intoxication, and (3) that the refusal is itself a misdemeanor, a crime for which he will receive a mandatory minimum three days in jail and could receive up to one year's imprisonment. The suspect should also be told that the penalties for refusing a breathalyzer are identical to the penalties for driving while intoxicated.
    The police have no interest in promoting crime. Since the penalties for drunk driving are identical to the penalties for refusing a test, a person refusing must be motivated by either incompetence, ignorance or stubbornness. Adequate warnings serve to ensure that a refusal will not be based on ignorance and that the obvious legislative goal of encouraging those accused of drunk driving to take the test will be served.
671 P.2d at 385 n. 9.

however, a suspect seeks pretrial suppression of his refusal based upon a lack of probable cause for his arrest, he is seeking vindication of his fourth amendment rights to be free of illegal searches and seizures. He is not seeking a pretrial judgment of acquittal based upon the state's inability to prove a necessary element of the offense.

■ In summary, in order to convict a person of refusing to submit to a chemical test of his or her breath, the state must prove that the individual in question knew or perhaps should have known that the breath test was sought as evidence in connection with an investigation of his or her driving while intoxicated, and, second, that with that culpable mental state, he or she declined the test. Consequently, the trial court did not err in refusing to instruct the jury that it must find that Brown operated a motor vehicle while under the influence of intoxicating liquor as a condition prerequisite to convicting him of refusal to provide a chemical test of his breath.

Brown asks that we modify the decisions cited above. He reasons that tampering with physical evidence is a specific intent crime, and therefore, before determining a defendant's guilt or innocence under a charge of tampering with physical evidence, the jury would have to consider the state of his or her intoxication. *See* AS 11.56.610. *See also* AS 11.81.630 (voluntary intoxication not a defense to prosecution for offense, but evidence that defendant was intoxicated may be offered whenever relevant to negate an element of offense that requires defendant intentionally cause result). Brown argues that it is fundamentally unfair to punish a defendant for concealing evidence where, by virtue of his intoxication, he is ignorant of the purpose for which the evidence is intended. This is particularly so, Brown continues, where the defendant was not guilty of the offense, *i.e.*, was not, in fact, operating the vehicle, and only refused the chemical test out of ignorance.

We reject Brown's argument for two reasons. First, it is not clear that Brown's jury would be precluded from considering the state of his intoxication at the time he

allegedly refused the chemical test in determining whether he possessed the necessary *mens rea*. Brown is correct that AS 11.-81.630 would appear to preclude such consideration. But that section is not expressly applicable to traffic offenses. *See* AS 11.81.640 (AS 11.81.600–.630 apply only to this title [the state's Revised Criminal Code]). *See Neitzel v. State*, 655 P.2d 325 (Alaska App.1982). *Compare Kimoktoak v. State*, 584 P.2d 25 (Alaska 1978) (permitting evidence of intoxication to negate a knowing state of mind in a traffic prosecution). *But see Williams v. State*, 737 P.2d 360 (Alaska App., 1987) (construing AS 11.-81.630 as establishing a general legislative policy to greatly restrict the instances in which a defendant's intoxication can be considered in evaluating his *mens rea*, and concluding that the trial court did not err in instructing jury that it could not consider defendant's intoxication in deciding whether he acted knowingly with regard to violations of AS 28.35.050–.060). We need not pursue this issue further because Brown did not go to trial and the trial court was not asked to formulate jury instructions properly apprising the jury of its responsibilities in determining *mens rea*. Had Brown gone to trial and found the jury instructions inadequate, he could have sought review in this court and we would have had a record upon which to determine appropriate instructions regarding *mens rea*.

There is a second reason for rejecting Brown's arguments. As we have seen, a conviction for concealing evidence does not require a finding that the evidence would have been admissible at trial or even material. *Jensen*, 667 P.2d at 190. *A fortiori*, conviction of the offense under investigation should not be a condition prerequisite to conviction of tampering with evidence relating to that offense.

■ Brown next argues that it is unfair to punish him for concealing evidence of intoxication when he readily admitted his intoxication to the investigating officer. While Brown's admission might be relevant to a jury's determination of whether Brown

possessed the necessary *mens rea* for violation of the statute, it hardly constitutes a defense or excuse. Concealing evidence and driving while intoxicated are separate criminal offenses involving distinct elements. While a trial court might consider Brown's admission of intoxication in mitigation of punishment, it is not a defense to a refusal to provide a chemical breath test.[5]

Brown next argues that permitting his conviction for refusal without requiring the jury to find that he had operated a motor vehicle serves to dilute the state's burden of proof from beyond a reasonable doubt to a mere preponderance of the evidence, *i.e.,* probable cause. In Brown's view, such a holding is inconsistent with *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Brown's argument is based upon the mistaken belief that a "lawful arrest," meaning one based upon probable cause, is an element of the offense to be proven to the satisfaction of a jury. As we have seen, Brown could seek pretrial suppres-sion of evidence of his refusal based upon the illegality of his arrest, but the determination of this issue would be made by the court, not the jury. Probable cause to arrest is not an element of the offense of refusing a chemical test of breath. Consequently, the state's burden of proving the elements of the offense beyond a reasonable doubt was in conformity with *Winship*.

The judgment of the district court is AFFIRMED.[6]

---

**5.** Brown makes a related argument that rests upon his interpretation of AS 28.35.032(a), which sets out the information which the officer administering a breath test is required to provide to an individual under arrest for the suspected offense of driving while intoxicated. That section provides:

> If a person under arrest refuses the request of a law enforcement officer to submit to a chemical test under AS 28.35.031(a), after being advised by the officer that the refusal will, *if that person was arrested while operating or driving a motor vehicle for which a driver's license is required,* result in the denial or revocation of the license or nonresident privilege to drive, that the refusal may be used against the person in a civil or criminal action or proceeding arising out of an act alleged to have been committed by the person while operating or driving a motor vehicle or operating an aircraft or a water craft while intoxicated, and that the refusal is a misdemeanor, a chemical test shall not be given....

[Emphasis added.]

In Brown's view, the clear language of this statute, that refusal (1) will result in license action, (2) be used against the defendant in a civil or criminal proceeding, and (3) constitute a misdemeanor, "if the person was arrested while operating or driving a motor vehicle," leads inevitably to the conclusion that a refusal cannot constitute a misdemeanor unless operation can be proved. Brown is in error. As we have previously held, the warnings referred to are not elements of the offense. *Svedlund,* 671 P.2d at 385 (interpreting identical municipal ordinance). In any event, we doubt that a person will ever be arrested "while operating or driving a motor vehicle" since the arrest will inevitably follow the driving. As we read the statute, the word "while" means "for" and it is undisputed in this case that Brown was arrested for operating a motor vehicle while under the influence of intoxicating liquor. Brown does not dispute the fact that the arresting officer had probable cause to arrest him for this offense.

**6.** Brown makes an additional argument. He contends that under the peculiar facts of his case, *i.e.,* an admission of intoxication, the mandatory minimum penalties for refusing a chemical test are unconstitutionally excessive. *See* Alaska Const. art. 1, § 12. Brown appears to be arguing that a person cannot be convicted of concealing evidence of an offense if he or she admits the underlying offense. We know of no such rule. As we have previously indicated, statutes punishing concealment of evidence address different policy considerations than the statutes sanctioning the substantive conduct for which the evidence is to be used. While Brown's admission might be relevant to an appropriate penalty for him, it hardly renders his conviction or the minimum penalties resulting therefrom invalid. *See Dancer v. State,* 715 P.2d 1174, 1180 (Alaska App.1986) (generally upholding the constitutionality of minimum and presumptive terms).